1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10
11
TERESA LANDSOM,                          )          CASE NO. CV 05-02316 RZ
                                         )
12                      Plaintiff,       )
                                         )          MEMORANDUM OPINION AND
13        vs.                            )          ORDER
                                         )
14   JO ANNE B. BARNHART, Commissioner   )
     of  Social Security Administration, )
15                                       )
                        Defendant.       )
16   _____)
17
18        Plaintiff's sole claim is that the Administrative Law Judge erred in assessing

19   the mental aspects of her Residual Function Capacity (RFC), by improperly rejecting a

20   treating physician's opinion and favoring opinions of consultative examiners.  Although

21   the case presents a close call, the Court concludes that Plaintiff states insufficient grounds

22   for remand or reversal, and therefore affirms.

23        The Administrative Law Judge summarized the evidence from Plaintiff's

24   treating physician, and explained why she found his opinion unpersuasive, as follows:

25

26        Claimant submitted a mental impairment questionnaire

27        completed by Dau Van Nguyen, M.D., dated May 8, 2004.  [AR

28        383-86.]  Dr. Nguyen diagnosed claimant with schizophrenia,

1    polysubstance abuse disorder, hepatitis C and a GAF score of

2    45. [AR 383.] Dr. Nguyen indicated claimant's symptoms were

3    consistent with the diagnoses.  [AR 383-84.] Dr. Nguyen

4    indicated claimant had a marked degree of limitation with

5    restrictions of activities of daily living, marked degree of

6    limitation with difficulties in maintaining social functioning,

7    constant deficiencies of concentration, persistence or pace and

8    repeat[ed] episodes of decompensation.  [AR 386.] Dr. Nguyen

9    indicated[,] [however, that] claimant would *not* have difficulty

10    working at a regular job on a sustained basis. [*Id.*]

11       . . .

12       [T]he Administrative Law Judge has considered the

13    administrative findings of fact made by the State agency

14    physicians and other consultants.  These opinions are weighed

15    as statements from nonexamining expert sources. . . .The

16    opinion of the State agency physician who completed the mental

17    residual function capacity assessment and psychiatric review

18    technique at Exhibits 11-12F [AR 279-97, prepared by

19    psychiatrist Charles Stone, M.D.] is given more weight because

20    it is consistent with the record.  The opinions of [consulting

21    mental examiner] Dr. Chau . . . are given more weight because

22    they are familiar with the disability program, and they had an

23    opportunity to examine claimant. . . . [T]he opinions of

24    claimant's treating sources were considered.  The opinion of Dr.

25    Nguyen is given less weight because it was inconsistent with the

26    record and it was based on claimant's subjective complaints

27    without supporting objective evidence.

28

[AR 14-15 (emphasis added).] Earlier in her opinion, the Administrative Law Judge also provided a detailed summary of the conflicting medical evidence, including the opinion of consultative psychiatrist Clayton Chau, M.D., based on substantial evidence in the record. Dr. Chau noted some limitations, ultimately supporting the Administrative Law Judge's finding of such "severe" mental ailments as schizophrenia, and a GAF of 45.  But his bottom-line conclusion was that Plaintiff's "[m]ental status exam is essentially within normal limits"; that Plaintiff only "has mild limitation[s] due to her emotional impairments"; and that "[m]alingering must be considered in the differential diagnosis." [AR 14, 263.]

An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted).  The Administrative Law Judge satisfies this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings reasonably supported by that evidence.  *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Moreover, "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the Administrative Law Judge's decision preferring the opinions of the non-treating doctors over Dr. Nguyen's opinion satisfies the foregoing rules in at least two out of three notable respects.  First, as suggested by *Magallanes*, the opinion includes a detailed and thorough summary of the key clinical evidence supporting Plaintiff's position and Defendant's position, followed by the Administrative Law Judge's interpretations and findings, which enjoy substantial evidentiary support.  Second, and critically, the Administrative Law Judge correctly noted that Dr. Nguyen's opinion was quite conclusory and based on Plaintiff's subjective complaints only and not on non-subjective evidence.

(Plaintiff insists that Dr. Nguyen's opinion was based on more than subjective complaints, but she cites no treatment notes or other evidence to support this assertion. *See* Pl.'s Mem. at 5.)

A third basis cited in the opinion is less convincing. The Administrative Law Judge states that Dr. Nguyen's opinion "was inconsistent with the record" while Dr. Stone's views were "consistent with the record," but these statements are unexplained. Were this the only stated reason for rejecting Dr. Nguyen's opinion, it could not withstand review absent some explanation of *how* the two contending views were inconsistent, or consistent, with the weight of the other medical evidence. But in light of the other, and sound, rationales stated in the Administrative Law Judge's opinion, the Court's skepticism about this rationale is insufficient for reversal or remand, although the question is close. (Defendant advances several additional reasons why the decision is substantively sound, but the Court need not and does not address them because it may look only to the grounds articulated in the underlying administrative opinion, not to the Commissioner's *post hoc* defenses of that opinion. *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).)

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: August 28, 2006

_____
                    */s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE